(/93) Criminal Complaint

**REDACTED**

# United States District Court

## DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

COLLIN ROMEO COLE

**REDACTED**

Criminal Complaint

CASE NUMBER: 07-219M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __November 2, 2007__ in __New Castle__ County, in the District of Delaware, defendant committed the offense of re-entry after deportation, in violation of Title __8__ United States Code, Section(s) __1326(a) and (b)(2)__.

I further state that I am a(n) __Deportation Officer, United States Immigration and Customs Enforcement__ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
David W. Savina
Deportation Officer, U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

November 6, 2007                    at   Wilmington, DE
Date                                     City and State

FILED
NOV 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07- |
| ) | |
| COLLIN ROMEO COLE, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David W. Savina, being duly sworn, depose and say:

1. I am a Deportation Officer with the Department of Immigration & Customs Enforcement ("ICE"), a branch of the United States Department of Homeland Security ("DHS"), at the ICE office located in Dover, Delaware. I have been employed as a Deportation Officer since September 14, 1998, when the United States Immigration and Naturalization Service ("INS"), ICE's predecessor agency, employed me. The INS became known as ICE in March 2003, when it was transferred to DHS's jurisdiction.

2. This investigation is based upon information provided in DHS/ICE records, National Crime Information Center ("NCIC") records, Federal Bureau of Investigation ("FBI") records, and by my own observations and interviews.

3. On or about November 1, 2007, the ICE Dover office received notification from the Howard R. Young Correctional Facility ("the Facility") in Wilmington, Delaware that a possible illegal alien was incarcerated at the facility. ICE database and NCIC record checks were conducted that indicated that the subject, Collin Romeo COLE, was a possible illegal alien from Jamaica.

4. On November 2, 2007, your affiant interviewed COLE at the Facility. Once advised of his rights pursuant to *Miranda v. Arizona*, COLE signed a written waiver of his rights and agreed to speak with your affiant. The subject stated that his true and correct name is Collin Romeo COLE, that he was born on                in Jamaica and that he is a citizen of Jamaica. He stated that he had been deported from the United States on April 28, 2005 and that he had re-entered the United States, without inspection or parole by an immigration officer, on or about May 15, 2007, at an unknown location. COLE stated that he knew he had re-entered the United States illegally and that he had not obtained the permission of the Attorney General of the United States or of the Undersecretary for Border and Transportation Security of the DHS before doing so.

5.   Your affiant has reviewed DHS/ICE alien database records and COLE's ICE alien file, which indicate that COLE was in fact born on ⬛ in Jamaica and that he originally entered the United States without inspection on or about March 10, 1990. Those records confirmed that COLE was deported from the United States to Jamaica on April 28, 2005 and they contain no indication that he had obtained permission from the United States government to re-enter the country in May 2007.

6.   Your affiant queried the subject's fingerprints in an automated system and compared those fingerprints to COLE's fingerprints when he was deported in April 2005. The comparison was a match.

   WHEREFORE, your affiant avers that there is probable cause to believe that Collin Romeo COLE, a citizen and alien of Jamaica, was deported by ICE to Jamaica on April 28, 2005, that he was found in the United States in November 2007 and that prior to his re-embarkation at a place outside the United States, neither the Undersecretary for Border and Transportation Security of the DHS nor the Attorney General of the United States had expressly consented to such alien's re-applying for admission, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

David W. Savina
Deportation Officer
U.S. Immigration & Customs Enforcement

Subscribed and sworn to before me this __6__ day of November 2007.

The Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware

2